IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RODERICK LOWE,

   Petitioner,

v.

RICHARD DOVEY, and
MARYLAND ATTORNEY GENERAL

   Respondent.

Civil Action No.:  SAG-20-3429

**MEMORANDUM OPINION**

Petitioner Roderick Lowe has filed a Petition For Writ of Habeas Corpus. ECF 1, 4 (the "Petition").  Respondents are the Warden of Maryland Correctional Training Center and the Maryland Attorney General, who filed a Limited Answer to the Petition asserting that the claims are procedurally defaulted and/or lack merit. ECF 11. No hearing is required. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, I shall deny the Petition. A certificate of appealability shall not issue.

**Background**

Lowe was indicted on three counts on June 25, 2015, in Montgomery County after a reported robbery at a Taco Bell drive-thru. ECF 11-1 at 5; *Lowe v. State*, No. 2477 Sept. Term 2015, 2016 WL 4379009, at *1 (Md. Ct. Spec. App. Aug. 17, 2016). The first charge in the indictment is labeled "Robbery" but the body of the indictment alleges Lowe "did *attempt* to

feloniously rob ...." *Id.* at *7; ECF 19-1 at 147. Lowe was also charged with second degree assault and theft under $1,000. *Id.*

Lowe proceeded to trial by jury on November 9, 2015. ECF 11-1 at 9-11. The jury found him guilty of attempted robbery, and theft under $1,000, but not guilty of second degree assault. ECF 1-1 at 9-11; *Lowe v. State*, No. 2477 Sept. Term 2015, 2016 WL 4379009, at *2 (Md. Ct. Spec. App. Aug. 17, 2016). On December 14, 2015, Lowe was sentenced to an aggregate ten years' incarceration. ECF 11-1 at 4, 12. The Court of Special Appeals issued an opinion on August 17, 2016, describing the facts as follows:

> On June 1, 2015, Ly Mai, accompanied by her 12–year–old daughter and 10–year–old son, stopped at a Taco Bell drive-thru in Montgomery County, Maryland. Mai's daughter sat in the front passenger seat of the vehicle and her son was seated behind the driver's seat. Mai testified that she ordered food and then drove her car forward in the drive-thru lane with her car window still open, stopping short of the window where the cashier receives payment because there was another vehicle in front of her. According to Mai, she was talking to her children and holding her credit card in her hand when a man approached her vehicle from an unknown direction and suddenly put his hand through her open window onto her neck, holding her back. Pictures of Mai's neck, taken by police 30–45 minutes after the incident was reported, were admitted into evidence as a State's exhibit. The man, whom she had never seen before, demanded several times, "Give me your shit."
>
> During the confrontation, Mai testified that she dropped her credit card and that her daughter, who was sitting in the seat next to her holding a smartphone, attempted to fend the man off of Mai. When the man noticed the cell phone, he let go of Mai's neck, seized the phone from Mai's daughter and fled. Mai then drove up to the cashier window, informed the employees at the Taco Bell that she had been robbed and asked them to call the police. When the police arrived at the parking lot, Mai and her daughter gave statements describing the man, whom they eventually identified as [Lowe] at a show-up 15–20 minutes later.
>
> An indictment charging [Lowe] with robbery, second degree assault and theft under $1,000 was returned by the Grand Jury in the Circuit Court for Montgomery County, based on the June 1, 2015 incident. [Lowe's] trial was held on November 9 and 10, 2015. After the State had presented its case-in-chief, counsel for [Lowe] moved for judgment of acquittal as to the three counts, arguing that no property had been taken from the victim by threat or force. [Lowe's] counsel also argued that, because Mai had testified that it was her daughter's phone that had been taken, the State has failed to establish the element of ownership of the property that had been

2

taken. The trial judge denied [Lowe's] Motion for Judgment of Acquittal as to all counts.

[Lowe], testifying on his own behalf, asserted that Mai had arranged to buy marijuana from him that day through a mutual friend. According to [Lowe], he had sold marijuana to Mai on a prior occasion, approximately a year earlier; the transaction had been arranged by a mutual friend. Although [Lowe] was uncertain of the precise location, he testified that the prior transaction had taken place at a fast-food establishment that had a "drive-thru." The transaction at issue, according to [Lowe], was to take place at the Taco Bell where he was instructed to meet Mai between 7:00 p.m. and 8:30 p.m. [Lowe] waited inside the restaurant and watched for Mai's silver SUV vehicle. When it pulled up, he approached the open window of the vehicle, leaned inside and gave Mai a bag of marijuana. Mai then handed appellant $45 instead of the $75 which, according to [Lowe], had been the amount agreed upon.

According to [Lowe], he refused to accept the money because he "does not do credit." When he asked Mai to return the bag of marijuana to him, which she still held in her hands, she refused, whereupon [Lowe] grabbed the bag and a struggle ensued; the bag tore and the marijuana fell to the ground. [Lowe] testified that, when he saw the marijuana fall, he realized it would be a "total loss." Consequently, he grabbed a cell phone that he saw on the dashboard of the vehicle and told Mai that she could have the phone back when she paid for the marijuana. [Lowe] denied that he choked Mai or that he took the phone out of her daughter's hand.

The jury was dismissed at the end of the first day of trial with instructions to return the next morning for deliberations. Shortly after noon of the following day, the jury sent a note to the judge stating that they were "not able to come to a consensus." The judge met with the parties and opined that an "*Allen* charge" would be "appropriate." After the jury entered the court room, the judge addressed the jury, thereafter administering an *Allen* charge. The judge then instructed the jury in accordance with MJPI–Cr. 2:01, Jury's Duty to Deliberate. After further deliberations, the jury found [Lowe] guilty of attempted robbery and theft under $1,000 and not guilty of second degree assault.

*Id.* at *1-2. The Court of Special Appeals affirmed Lowe's conviction and sentence. *Id.*[1]

Lowe filed a petition for postconviction relief on October 20, 2016 (ECF 11-1 at 40-43), which he supplemented on April 13, 2018. ECF 11-1 at 44-49. A hearing was held on April 13, 2018. ECF 11-1 at 52-59. The circuit court ruled from the bench, denying all claims. *Id.* Lowe

---

[1] There is no indication in the record that Lowe sought a writ of certiorari with the then-Court of Appeals of Maryland. Although the court's name has recently changed to Maryland Supreme Court, it will be described herein by the name applicable at the time of the events.


filed an application for leave to appeal with the Court of Special Appeals on April 30, 2018. ECF 19-1 at 79-87. Leave was denied on October 10, 2018. ECF 19-1 at 88-90. Lowe's subsequent petition for a writ of certiorari at the Maryland Court of Appeals was denied on January 18, 2019. ECF 19-1 at 125.

Lowe filed a motion to correct an illegal sentence on October 25, 2017. ECF 13-1 at 7-25. The motion was denied on January 25, 2019. ECF 11-1 at 21. Lowe sought leave to appeal to the Court of Special Appeals. ECF 11-1 at 21. The Court of Special Appeals issued a per curiam opinion on February 27, 2020, addressing the merits of Lowe's claims and affirming the circuit court's denial of his motion. ECF 19-1 at 205-209; *Lowe v. State*, No. 3353 Sept. Term 2018, 2020 WL 958521 (Md. Ct. Spec. App. Feb. 27, 2020). Lowe's petition for writ of certiorari was denied by the Maryland Court of Appeals on July 24, 2020. ECF 19-1 at 218; *Lowe v. State*, 469 Md. 667, 232 A.3d 263 (2020).

Lowe filed his federal habeas corpus petition on November 24, 2020. ECF 1, 4.[2] He raises four grounds for relief: (1) the jury returned inconsistent verdicts, (2) he was subjected to double jeopardy, (3) there was an implied acquittal of the attempted robbery charge, and (4) he was denied a preliminary hearing.

**Standard of Review**

1. 28 U.S.C. § 2254

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute at 28 U.S.C. § 2254 sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh*

---

[2] Lowe originally filed an unsigned petition on this date, later supplementing on December 8, 2020, with a signed petition. Respondents concede the Petition is timely. ECF 11 at 7. For clarity, the Court utilizes November 24, 2020 as the filing date.

*v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005). The standard is "difficult to meet," and requires courts to give state court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also White v Woodall,* 572 U.S.415, 419-20 (2014), quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (state prisoner must show state court ruling on claim presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.").

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;" or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court 1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or 2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Under the "unreasonable application" analysis under § 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "an unreasonable application of federal law is different from an incorrect application of federal law." *Id*. at 785 (internal quotation marks omitted).

Further under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "[E]ven if reasonable minds reviewing the record might disagree about the finding in question," a federal habeas court may not conclude that the state court decision was based on an unreasonable determination of the facts. *Id*. "[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Renico v. Lett*, 559 U.S 766, 773 (2010).

The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010). This is especially true where state courts have "resolved issues like witness credibility, which are 'factual determinations' for purposes of Section 2254(e)(1)." *Id*. at 379.

2. Exhaustion

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

6

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-201 and § 12-301.

If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. Md. Code Ann., Cts. & Jud. Proc. § 12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *Williams v. State*, 292 Md. 201, 210-11 (1981).

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. Md. Code Ann., Crim. Proc. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *Williams*, *supra*.

3. Procedural Default

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41,

7

46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

As the Fourth Circuit has explained:

> If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id*. at 735 n.1.

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is actually innocent.[3] *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id*. (quoting *Murray*, 477 U.S. at 488).

---

[3] Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray v. Carrier*, 477 U.S. at 496. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id*.; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).

Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U S. 298, 314 (1995).

**Analysis**

1. Procedural Default

Respondents contend that all four of Lowe's claims are procedurally defaulted. Respondents argue that Ground One is procedurally defaulted because it was dismissed on an independent and adequate state ground (ECF 11 at 17-19), Grounds Two and Three "suffer from procedural default" (ECF 11 at 3), and Ground Four is unexhausted (ECF 11 at 22). The Court will address each argument in turn.

In Ground One, Lowe contends that the jury returned inconsistent verdicts when it found him not guilty of second degree assault but guilty of attempted robbery. Specifically, Lowe argues that because the jury acquitted him of second degree assault, they failed to find that he engaged in a "substantial step towards committing the robbery," which is an essential element of robbery. Yet, by finding Lowe guilty of attempted robbery, the jury also found he engaged in a "substantial step towards committing the robbery." *See Young v. State*, 303 Md. 298, 311(1985) (reasoning that a conviction for attempt requires a substantial step toward commission of the crime). ECF 19-1 at 24. On direct appeal, the Court of Special Appeals clearly and expressly found that Lowe waived this claim by failing to contemporaneously object at trial. ECF 19-1 at 72-74. During postconviction proceedings, the circuit court reiterated that the claim was waived. ECF 11-1 at 52. Because it was dismissed on an independent and adequate state ground, Ground One is procedurally defaulted.

9

The record reflects that Grounds Two and Three are not procedurally defaulted. The Court interprets Respondents' procedural default defense to rest upon a theory that Lowe's claims were not presented in the same manner to the Maryland courts on direct appeal or postconviction. Lowe presented the same double jeopardy claim (Ground Two) on postconviction (ECF 11-1 at 45-47) and in his motion to correct an illegal sentence (ECF 13-1 at 9-10). Lowe's implied acquittal claim (Ground Three) was presented to the circuit court in his motion to correct an illegal sentence (ECF 13-1 at 9-10). Both Grounds Two and Three were submitted to the Court of Special Appeals in an application for leave to appeal the denial of the motion to correct an illegal sentence (ECF 19-1 at 127, 133-136) and to the Court of Appeals (*Lowe v. State*, 469 Md. 667, 232 A.3d 263 (2020).[4] Indeed, the Court of Special Appeals addressed Lowe's double jeopardy and implied acquittal claims on the merits in its February 27, 2019 per curiam opinion. ECF 19-1 at 205-209; *Lowe v. State*, No. 3353 Sept. Term 2018, 2020 WL 958521 (Md. Ct. Spec. App. Feb. 27, 2020).[5] Accordingly, Grounds Two and Three are exhausted and the Court will address these claims on the merits.

Respondents argue that Ground Four is unexhausted because Lowe failed to present it to any state court. A review of the record supports a conclusion that Ground Four is unexhausted and procedurally defaulted. Lowe did not raise a claim that he was denied a preliminary hearing with any Maryland state court, including his direct and collateral proceedings. Lowe's claim is procedurally defaulted because he did not fairly present the claims to any state court, and they can no longer be raised. *See Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001); *accord Breard*, 134

---

[4]     Motions to correct an illegal sentence are considered to be "collateral review" under 28 U.S.C. § 2254. *See Mitchell v. Green*, 922 F.3d 187 (4th Cir. 2019).

[5]     The record does not contain Lowe's petition for certiorari to the Maryland Court of Appeals seeking review of his motion to correct illegal sentence. However, because the Court of Special Appeals addressed these claims on the merits, the Court will infer that they were presented to the Maryland Court of Appeals because Lowe filed a petition for certiorari.

F.3d 615 at 619 (stating that a procedural default occurs when a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred (citation omitted)).

Grounds One and Four must be dismissed unless Lowe can demonstrate that the default is excused. Lowe was provided with an opportunity to brief this Court on the issue of procedural default, including any arguments and evidence to support a claim for "cause and prejudice" and "actual innocence." ECF 12. Lowe responded with a "supplement" to his petition, which includes additional argument to support Grounds One, Two, and Three, but does not address the Respondents' argument that his claims are procedurally defaulted or provide the Court with any relevant information to determine whether the default should be excused. ECF 13. Lowe's "supplement" does not invoke "actual innocence" or "cause and prejudice" as an excuse for his procedural default. Because Lowe has offered nothing to show that the procedural default of Ground One and Ground Four should be excused, these claims are dismissed.

2. Merits Review

Grounds Two and Three are interrelated and will be addressed together.[6] In these claims, Lowe contends that the trial judge acquitted him of robbery and he was subjected to double jeopardy when the lesser included charge of attempted robbery was submitted to the jury for consideration. ECF 1, 4, 13. When addressing Lowe's contention that the trial judge overtly entered an acquittal on the robbery charge, the Court of Special Appeals made the following finding of fact:

---

[6]   Ground Two appears to be an alternative factual basis for relief on Ground Three. In other words, if the trial judge did not overtly grant an acquittal on robbery, then he impliedly granted an acquittal, which serves as the factual basis for double jeopardy.

11

> After the State presented its case in chief, defense counsel moved for judgment of acquittal, arguing that "there was no attempt to rob her, he took the phone from her daughter, at least according to her." The prosecutor responded that the evidence established that Mr. Lowe had "the intent to rob her[.]" The court noted that the indictment "says, 'did attempt to feloniously rob'" and denied the motion for judgment of acquittal. After the defense rested its case, defense counsel "renew[ed]" the motion for judgment of acquittal, which the court denied.
>
> In reviewing the proposed jury instructions, the court and counsel engaged in a discussion regarding the instructions to be given for Count One. In looking at the indictment, the court again observed that the charge was captioned "robbery," but the language used was "did attempt to feloniously rob[.]" The court then suggested that the jury should be instructed on both robbery and attempt, with the jury instructed that Mr. Lowe was "charged with the crime of attempted robbery." The prosecutor agreed, noting that he "was going to argue to them that this was an attempt, as opposed to a completed robbery." Defense counsel responded: "Normally, what I would be asking for is for a judgment of acquittal that it's not a robbery or lesser included offense of attempt; they turn out to be same thing." Counsel continued: "Punishment-wise and sentence-wise. So, if the court could make it simpler, and just grant the JOA down to an attempted robbery, then everything gets much simpler." The court replied: "Yeah. Yeah." When defense counsel then continued speaking, the court interrupted, saying: "Hold on one moment please." The prosecutor opined that "what's in the language of the indictment controls" and explained that the jury's role is to consider whether Mr. Lowe attempted to rob the victim and, therefore, the jury should be instructed on attempt in deciding whether he "intended to commit the crime of robbery." The court agreed with the prosecutor, and also confirmed that the verdict sheet should "say attempted robbery." Defense counsel did not disagree. In sum, the transcript does not support Mr. Lowe's claim that the court granted a motion acquitting Mr. Lowe of robbery. Moreover, the docket entries do not reflect the granting of any motion for judgment of acquittal. *See* Rule 4-324(b) ("If the court grants a motion for judgment of acquittal ... it shall enter the judgment or direct the clerk to enter the judgment and to note that it has been entered by the direction of the court.").

*Lowe v. State*, No. 3353 Sept. Term 2018, 2020 WL 958521, at *1 (Md. Ct. Spec. App. Feb. 27, 2020).

The Court of Special Appeals also rejected Lowe's theory that the trial judge impliedly granted an acquittal by submitting a verdict sheet to the jury that did not include the charge of robbery. The Court of Special Appeals made a finding of fact that Lowe was charged with attempted robbery and that was what was included on the verdict sheet. *Id.* at *2. Relying on

12

Maryland law, the Court of Special Appeals concluded, *arguendo*, that even if Lowe had been acquitted of robbery it would not have been improper for the jury to consider the lesser included charge of attempted robbery. *Id.*

The Court of Special Appeals made findings of fact that Lowe was not acquitted or impliedly acquitted of robbery. Those findings of fact are presumed correct and Lowe has failed to rebut the presumption through clear and convincing evidence. 28 U.S.C. § 2254(e)(1).[7] Both Grounds Two and Three rest on a conclusion that Lowe was acquitted of robbery, and therefore fail on the merits.

Even if Lowe had cleared the evidentiary hurdle and was able to show he was acquitted of robbery, he would not be entitled to habeas relief. Under § 2254(d) it must be shown that the Court of Special Appeals' decision was either contrary to, or an unreasonable application of, the Supreme Court's clearly established precedent. A decision by a state court is "contrary to" our clearly established law if it "applies a rule that contradicts the governing law set forth in our cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000). Respondent can satisfy § 2254(d) if he can demonstrate that the Court of Special Appeals' decision involved an "unreasonable application" of clearly established law. It is the habeas applicant's burden to show that the state court applied [Supreme Court precedent] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti,* 537 U.S. 19, 24-25, (2002) *(per curiam).*

---

[7]  Considering the content of the trial transcript, which includes two overt denials of Lowe's motion for acquittal and the content of the indictment, which charges Lowe with attempting to rob the victim, this conclusion is also not unreasonable in light of the evidence presented to the state courts pursuant to 28 U.S.C. § 2254(d)(2).

13

Lowe has failed to identify United States Supreme Court precedent that supports the conclusion that he was subjected to double jeopardy because his originally-impaneled jury considered a lesser included offense of robbery. Indeed, in *Price v. Vincent*, 538 U.S. 634, 643, fn.2 (2003), the Supreme Court noted that several courts have held that double jeopardy did not bar continued prosecution of a lesser included charge and under the circumstances "the defendant was not faced with any threat of re-prosecution beyond the jury already assembled to hear his case." *Id.* (citing *State v. Iovino,* 524 A.2d 556, 559 (R.I.1987)). As such, Lowe cannot show that the Court of Special Appeals' conclusion was contrary to or an unreasonable application of Supreme Court precedent.  His double jeopardy claim therefore fails.

## Conclusion

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S.C. § 2253(c)(2); *see Buck v. Davis*, 137 S.Ct. 759, 773 (February 22, 2017).  The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Because this Court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied.  *See* 28 U. S.C. § 2253(c)(2).  Lowe may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate order denying the Petition for Writ of Habeas Corpus and declining to issue a certificate of appealability follows.

January 9, 2023  /s/
Date  Stephanie A. Gallagher
  United States District Judge